J-S52038-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DEREK ADAM BANKS | |
| Appellant | No. 889 EDA 2014 |

Appeal from the PCRA Order February 25, 2014
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0004267-2007;
CP-15-CR-0004269-2007; CP-15-CR-0004270-2007;
CP-15-CR-0004271-2007;CP-15-CR-0004272-2007

BEFORE:  GANTMAN, P.J., ALLEN, J., and FITZGERALD, J.*

MEMORANDUM BY GANTMAN, P.J.:                **FILED APRIL 06, 2015**

Appellant, Derek Adam Banks, appeals *pro se* from the order entered in the Chester County Court of Common Pleas, which denied and dismissed his petition filed under the Post Conviction Relief Act ("PCRA").[1]  We vacate and remand for further proceedings.

The relevant facts and procedural history of this case are as follows. In July 2007, a confidential informant ("C.I.") assisted Embreeville State Police with an investigation into Appellant's drug related activities.  During the course of the investigation, the C.I. engaged in four controlled drug buys

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

_____

*Former Justice specially assigned to the Superior Court.

with Appellant. The first controlled buy took place on August 1, 2007, in which Appellant sold the C.I. 4.1 grams of cocaine in exchange for three hundred dollars ($300.00). On August 8, 2007, a second controlled buy occurred in which Appellant sold the C.I. 14.2 grams of cocaine in exchange for six hundred dollars ($600.00). A third controlled buy took place on August 16, 2007, in which Appellant sold the C.I. 13.7 grams of cocaine in exchange for six hundred dollars ($600.00). The fourth controlled buy occurred on September 11, 2007, in which Appellant sold the C.I. 97.7 grams of cocaine in exchange for three thousand, six hundred dollars ($3,600.00). Immediately following the September 11, 2007 controlled buy, police executed a search warrant on Appellant's home and recovered, *inter alia*, a digital scale with white residue, a large amount of cash, 14.2 grams of cocaine, and drug paraphernalia.

Police arrested Appellant, and the Commonwealth charged him with various drug-related crimes at five separate dockets.[2] Specifically, the Commonwealth charged Appellant with the following offenses: at docket no. CP-15-CR-0004267-2007 ("docket 4267-2007"), delivery of a controlled substance and criminal use of a communication facility, in connection with the August 8, 2007 controlled buy; at docket no. CP-15-CR-0004269-2007 ("docket 4269-2007"), delivery of a controlled substance and criminal use of

---

[2] The court consolidated the cases on November 5, 2007.

a communication facility, in connection with the August 1, 2007 controlled buy; at docket no. CP-15-CR-0004270-2007 ("docket 4270-2007"), delivery of a controlled substance and criminal use of a communication facility, in connection with the September 11, 2007 controlled buy; at docket no. CP-15-CR-0004271-2007 ("docket 4271-2007"), three counts of possession of a controlled substance with the intent to deliver ("PWID"), and one count of possession of drug paraphernalia, in connection with the September 11, 2007 search of Appellant's residence; and at docket no. CP-15-CR-0004272-2007 ("docket 4272-2007"), delivery of a controlled substance and criminal use of a communication facility, in connection with the August 16, 2007 controlled buy.

Appellant proceeded to a jury trial on December 1, 2008. On December 3, 2008, the jury convicted Appellant of one count of PWID, three counts of delivery of a controlled substance, three counts of criminal use of a communication facility, and one count of possession of drug paraphernalia.[3] The court sentenced Appellant to an aggregate term of twenty-one (21) to

---

[3] The jury convicted Appellant on all counts, except for the two counts at docket 4267-2007 (related to the August 8, 2007 controlled buy). The jury was unable to reach a verdict as to the delivery of a controlled substance charge at that docket; and found Appellant not guilty of the criminal use of a communication facility charge at that docket. On March 5, 2009, the Commonwealth asked the court to enter *nolle prosequi* on the delivery of a controlled substance charge at docket 4267-2007.

forty-six (46) years' imprisonment on March 4, 2009.[4] On March 18, 2009, Appellant timely filed a notice of appeal, but this Court dismissed the appeal on May 12, 2009, for failure to file a docketing statement.

On April 20, 2010, Appellant timely filed a *pro se* PCRA petition, and the court appointed counsel the next day. Counsel filed an amended PCRA petition on May 19, 2011, requesting a hearing to determine whether appellate counsel failed to perfect Appellant's direct appeal rights. On May 26, 2011, with agreement from the Commonwealth, the court reinstated

_____

[4] Despite some references in the record that the court imposed a maximum term of forty-two (42) years' imprisonment, our review of the record confirms the court imposed a maximum sentence of forty-six (46) years' imprisonment. Specifically, at docket 4269-2007, the court sentenced Appellant to 3-10 years' imprisonment for the delivery of a controlled substance conviction and 1-2 years' imprisonment for the criminal use of a communication facility conviction; at docket 4270-2007, the court sentenced Appellant to 5-10 years' imprisonment for the delivery of a controlled substance conviction and 1-2 years' imprisonment for the criminal use of a communication facility conviction; at docket 4271-2007, the court sentenced Appellant to 5-10 years' imprisonment for the PWID conviction and imposed no further penalty for the possession of drug paraphernalia conviction; and at docket 4272-2007, the court sentenced Appellant to 5-10 years' imprisonment for the delivery of a controlled substance conviction and 1-2 years' imprisonment for the criminal use of a communication facility conviction. The court imposed all sentences consecutively. Additionally, at docket 4269-2007, the court imposed restitution in the amount of three hundred dollars ($300.00) to be paid to the Commonwealth for money expended during the August 1, 2007 controlled buy; at docket 4270-2007, the court imposed restitution in the amount of three thousand, six hundred dollars ($3,600.00) to be paid to the Commonwealth for money expended during the September 11, 2007 controlled buy; and at docket 4272-2007, the court imposed restitution in the amount of six hundred dollars ($600.00) to be paid to the Commonwealth for money expended during the August 16, 2007 controlled buy.

Appellant's direct appeal rights *nunc pro tunc*.[5] On June 20, 2011, Appellant timely filed a *nunc pro tunc* notice of appeal. This Court affirmed Appellant's judgment of sentence on March 16, 2012, and our Supreme Court denied allowance of appeal on September 4, 2012. *See Commonwealth v. Banks*, 47 A.3d 1246 (Pa.Super. 2012), *appeal denied*, 616 Pa. 666, 51 A.3d 837 (2012).

Appellant timely filed a *pro se* PCRA petition on September 17, 2013. The court appointed counsel ("PCRA counsel") on October 3, 2013. On December 30, 2013, PCRA counsel filed a petition to withdraw and a *Turner*/*Finley*[6] "no merit" letter. Appellant filed a *pro se* amended PCRA petition on January 9, 2014, which the court declined to consider because Appellant was still represented by PCRA counsel.[7] On January 22, 2014, the PCRA court determined Appellant had one meritorious issue concerning eligibility for the Recidivism Risk Reduction Incentive ("RRRI") program, so

_____

[5] Appellant did not mention or request reinstatement of his post-sentence rights *nunc pro tunc* in his amended petition.

[6] *See Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[7] The court relied on the general rule set forth in *Commonwealth v. Ellis*, 534 Pa. 176, 626 A.2d 1137 (1993), which held that there is no constitutional right to hybrid representation at trial or on appeal; thus, this Court will not review *pro se* briefs filed by represented appellants. (*See* Rule 907 Notice Order and Opinion, filed January 22, 2014, at 3-4 n.5.) The record is unclear whether the court forwarded Appellant's January 9, 2014 *pro se* filing to PCRA counsel.

the court modified Appellant's sentence to include RRRI eligibility;[8] with respect to Appellant's remaining claims, the court issued Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing. The court's Rule 907 notice order and opinion expressly gave Appellant twenty (20) days to file a response. On January 27, 2014, Appellant filed a *pro se* response to the court's Rule 907 notice order and opinion. Notwithstanding the language in the Rule 907 notice order and opinion, which allowed Appellant an opportunity to respond, on February 7, 2014, the court dismissed Appellant's *pro se* response (because Appellant was still represented by PCRA counsel), and directed the Clerk of Courts to forward a copy of the *pro se* filing to PCRA counsel.[9] On February 25, 2014, the PCRA court dismissed Appellant's petition and granted PCRA counsel's request to withdraw. Appellant filed a second *pro se* response to the court's Rule 907 notice order and opinion; the response was docketed on February 28, 2014, but dated February 18, 2014. The PCRA court dismissed the response as moot on March 4, 2014, based on the court's earlier denial of PCRA relief.

Appellant timely filed a *pro se* notice of appeal on March 18, 2014, and

_____

[8] The court asked PCRA counsel to calculate Appellant's RRRI sentence, and to submit a copy of Appellant's RRRI sentence to the court within ten (10) days. On February 18, 2014, the court entered an order stating Appellant's aggregate RRRI minimum sentence equals two hundred and twenty-seven (227) months' imprisonment.

[9] In its February 7, 2014 order, the court again relied on **Ellis, supra** to support dismissal of Appellant's *pro se* filing.

a voluntary concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On April 15, 2014, the PCRA court filed its opinion per Pa.R.A.P. 1925(a) asking this Court to quash or dismiss the appeal because Appellant erroneously listed the order appealed from as dated March 15, 2014; the PCRA court contended no court action took place on March 15, 2014. Based on the PCRA court's suggestion to quash or dismiss the appeal, the court declined to review any of Appellant's issues in its opinion but indicated it would file a supplemental opinion if this Court so directed.

On August 19, 2014, this Court determined it was obvious from the face of the record that Appellant meant to appeal the February 25, 2014 order denying PCRA relief, and Appellant's reference to a March 15, 2014 order was merely an inadvertent error. Because Appellant filed his notice of appeal within thirty days of the order denying PCRA relief, this Court declined to quash Appellant's appeal. Instead, this Court retained jurisdiction and remanded the case to the PCRA court to issue a supplemental opinion addressing all properly preserved issues raised in Appellant's Rule 1925(b) statement. The PCRA court subsequently issued its supplemental opinion, simply directing this Court to review its earlier opinion in support of Rule 907 notice order.[10]

_____

[10] The court's supplemental Rule 1925(a) opinion states: "The trial court respectfully directs the appellate court to its January 22, 2014 'Notice of Intent to Dismiss PCRA Petition Pursuant to Pa.R.Crim.P. 907(1)' for the
*(Footnote Continued Next Page)*

Appellant raises the following issues for our review:

WHETHER [THE] TRIAL COURT/TRIAL COUNSEL/AND THE COMMONWEALTH [ERRED] BY FAILING TO CHARGE THREE OTHERS INVOLVED IN THE MATTER[?]

WHETHER THE TRIAL COURT/COUNSEL FAILED TO MERGE [APPELLANT'S] SENTENCE[?]

WHETHER [THE] TRIAL COURT/COUNSEL [ERRED] BY FAILING TO RECOMMEND [APPELLANT] FOR RRRI[?[11]]

WAS [PCRA] COUNSEL INEFFECTIVE FOR FAILING TO MAKE AN ATTEMPT TO COMMUNICATE OR REVIEW [APPELLANT'S] ISSUES, SHOWING NO DILIGENCE WHILE DISPLAYING INCOMPETENCE AND/OR AN ACT OF FRAUD[?]

(Appellant's Brief at 4).

For purposes of disposition, we combine Appellant's issues. Appellant argues the Commonwealth committed "prejudicial error" by failing to charge the other individuals present at Appellant's residence at the time of his arrest. Appellant maintains the presence of others at the time of his arrest casts doubt on whether Appellant was the person in possession of the drugs, and the court denied him a fair trial by depriving the jury of this evidence.

_(Footnote Continued)_ ──────────────

court's reasoning herein. For the reasons set forth in that January 22, 2014 Notice, the trial court respectfully requests that its Order of February 25, 2014 dismissing [Appellant's] Post Conviction Relief Act claims, subject to the modification of sentence set forth in the court's Order of February 18, 2014, be affirmed." (Supplemental Rule 1925(a) Opinion, filed August 29, 2014, at 1) (internal footnote omitted).

[11] Notwithstanding the phrasing of this question presented, Appellant acknowledges that the court modified his sentence to include eligibility for the RRRI program. Appellant now challenges the court's RRRI calculation.

Additionally, Appellant asserts the trial court abused its discretion when it imposed consecutive sentences at all dockets. Appellant further contends the court should have merged Appellant's sentences for delivery of a controlled substance, criminal use of a communication facility, and possession of drug paraphernalia with Appellant's PWID sentence, because these convictions stemmed from one continuous criminal episode, and the former crimes constitute lesser-included offenses of PWID.

Appellant also claims the court and PCRA counsel miscalculated Appellant's RRRI sentences as to the convictions on which the court imposed a term of five (5) to ten (10) years' imprisonment. As well, Appellant complains the court failed to award Appellant credit for time served. Further, Appellant maintains PCRA counsel was ineffective for failing to communicate or review any of Appellant's issues; and PCRA counsel violated the Pennsylvania Rules of Professional Conduct because he did not make any effort to keep Appellant informed of the status of his case. Appellant concludes the court's denial of Appellant's PCRA petition was improper, and this Court should grant appropriate relief. For the reasons that follow, Appellant is entitled to some relief.

Preliminarily, we observe that our ability to reach the merits of Appellant's issues is severely impaired for the following reasons. First, various documents necessary to our review are missing from the certified record. The record does not contain Appellant's *pro se* PCRA petition filed on

September 17, 2013, or PCRA counsel's **Turner**/**Finley** "no merit" letter filed on December 30, 2013. Thus, we are unable to review Appellant's claim that PCRA counsel failed to address any of Appellant's issues presented in his *pro se* PCRA petition (as alleged on appeal), or to confirm whether Appellant preserved his claims on appeal before the PCRA court.

Second, the record shows that the PCRA court did not consider in the first instance most of Appellant's current claims, and the PCRA court's opinion provides no help. In its supplemental Rule 1925(a) opinion, the PCRA court merely directed us to its earlier Rule 907 notice order and opinion, which does not address any of Appellant's issues on appeal, with the exception of Appellant's merger claim.[12] Significantly, our remand order filed on August 19, 2014, instructed the PCRA court to issue an opinion as to **all** of Appellant's claims raised in his Rule 1925(b) statement, to the extent they were properly preserved. Appellant raised all claims presented on appeal in his Rule 1925(b) statement. (**See** Rule 1925(b) Statement, filed March 18, 2014, at 1.)

Further, Appellant first complained of PCRA counsel's ineffectiveness in his January 27, 2014 *pro se* response to Rule 907 notice order and opinion, alleging PCRA counsel failed to contact Appellant after his appointment, did

---

[12] The court's Rule 907 notice order and opinion disposes of Appellant's merger claim as lacking merit in one paragraph, without citation to any legal authority. (**See** Rule 907 Notice Order and Opinion at 13.)

not address the issues Appellant wanted to pursue in counsel's *Turner*/*Finley* letter, and PCRA counsel's failure to communicate with Appellant violated the Pennsylvania Rules of Professional Conduct. The court's Rule 907 notice order and opinion, which naturally predated Appellant's *pro se* response, obviously could not have addressed these complaints. Likewise, the court's Rule 907 notice order and opinion could not have addressed Appellant's current challenge to his RRRI calculation, because the court did not award Appellant RRRI eligibility until January 22, 2014 (the same date the court issued its Rule 907 notice order and opinion), and did not calculate Appellant's RRRI sentence until February 18, 2014. Therefore, the court's supplemental Rule 1925(a) opinion (directing us to the court's previous Rule 907 notice order and opinion) is plainly insufficient to aid appellate review. *See Commonwealth v. Dennis*, 597 Pa. 159, 950 A.2d 945 (2008) (explaining PCRA court should provide legally robust discussion, complete with clear findings of fact where required, to facilitate appellate review; remanding for supplemental opinion sufficiently complete to enable meaningful appellate review). *See also Commonwealth v. Kenney*, 557 Pa. 195, 203, 732 A.2d 1161, 1165 (1999) (stating this Court cannot evaluate claims that PCRA court did not consider; if record is insufficient to adjudicate petitioner's allegations, this Court should remand for further inquiry).

Third, the PCRA court's decision, not to review Appellant's January 9,

2014 *pro se* amended PCRA petition and January 27, 2014 *pro se* response to the court's Rule 907 notice order and opinion, was erroneous. The court dismissed these petitions based on the general rule prohibiting hybrid representation. **See Ellis, supra**. **See also** Pa.R.A.P. 3304 (stating: "Where a litigant is represented by an attorney before the [c]ourt and the litigant submits for filing a petition, motion, brief or any other type of pleading in the matter, it shall not be docketed but forwarded to counsel of record"). Nevertheless, PCRA counsel had filed a motion to withdraw and **Turner**/**Finley** "no-merit" letter on December 30, 2013. Thus, the rule against hybrid representation was no longer applicable. **See generally Commonwealth v. Ford**, 44 A.3d 1190, 1198 n.4 (Pa.Super. 2012) (stating: "When counsel files a **Turner**/**Finley** no-merit letter and counsel has not yet been permitted to withdraw, the rule against hybrid representation is inapplicable, as the petitioner can file a *pro se* response").[13]

---

[13] Notably, the court's Rule 907 notice order and opinion specifically stated: "The defendant may respond to this NOTICE within twenty (20) days of the docketing of this Order. If the defendant has not responded, a subsequent Order will be entered permitting [c]ourt [a]ppointed [c]ounsel to withdraw, and dismissing the defendant's PCRA petition. The subsequent Order shall be a final appealable Order disposing of the defendant's PCRA petition. If the defendant responds to this NOTICE, the [c]ourt will: either dismiss defendant's PCRA petition; direct, if warranted, that [c]ourt [a]ppointed [c]ounsel review defendant's response; or, if warranted, direct that further proceedings be held." (Rule 907 Notice Order and Opinion at 2).

Fourth, the record demonstrates Appellant has at least two meritorious issues regarding (1) the court's calculation of Appellant's RRRI minimum sentence;[14] and (2) the restitution portion of Appellant's sentence. ***See Commonwealth v. Miller***, 102 A.3d 988 (Pa.Super. 2014) (stating this Court can raise *sua sponte* issues concerning legality of sentence).

The relevant version of the RRRI statute at the time of Appellant's sentencing provided, in pertinent part, as follows:

**§ 5305. Sentencing**

**(a) Generally.**—At the time of sentencing, the court shall make a determination whether the defendant is an eligible offender.

\* \* \*

**(c) Recidivism risk reduction incentive minimum sentence.**—If the court determines that the defendant is an eligible offender or the prosecuting attorney has waived the eligibility requirements under subsection (b), the court shall enter a sentencing order that does all of the following:

(1) Imposes the minimum and maximum sentences as required by 42 Pa.C.S. § 9752 (relating to sentencing proceeding generally).

(2) Imposes the recidivism risk reduction incentive minimum sentence. The recidivism risk reduction incentive minimum sentence shall be equal to three-fourths of the minimum sentence imposed when the minimum sentence is three years or less. The recidivism risk reduction incentive minimum

_____

[14] The RRRI calculation issue we address differs from Appellant's specific RRRI complaint on appeal but still implicates the legality of the sentence.

> shall be equal to five-sixths of the minimum sentence if the minimum sentence is greater than three years. …
>
> \*    \*    \*

61 Pa.C.S.A. § 5305.[15]

Here, the PCRA court granted limited PCRA relief on January 22, 2014 to make Appellant RRRI-eligible. On February 18, 2014, the court calculated Appellant's aggregate RRRI minimum sentence as two hundred and twenty-seven (227) months. In calculating the RRRI breakdown for each of Appellant's sentences, however, the court erroneously listed Appellant's delivery of a controlled substance sentence at docket 4269-2007 as five (5) to ten (10) years' imprisonment, which would call for a fifty (50) month RRRI minimum sentence. (***See*** Order, dated February 18, 2014, at 1.) ***See also*** 61 Pa.C.S.A. § 5305(c)(2). Nevertheless, the record makes clear the court sentenced Appellant at docket 4269-2007 to **three** (3) to ten (10) years' imprisonment for his delivery of a controlled substance conviction. (***See*** N.T. Sentencing, 3/4/09, at 19; Sentencing Order for docket 4269-2007, 3/4/09, at 1.) As a result, the applicable RRRI minimum sentence for this conviction is actually twenty (27) months' imprisonment, not fifty (50)

---

[15] The legislature repealed this version of the RRRI statute on October 9, 2009 (effective October 13, 2009). On August 11, 2009 (effective October 13, 2009), the legislature re-codified the RRRI statute at 61 Pa.C.S.A. § 4505. Section 4505 contains the same calculation language set forth in Section 5305 (repealed). ***See*** 61 Pa.C.S.A. § 4505(c).

months' imprisonment. **See** 61 Pa.C.S.A. § 5305(c)(2). Therefore, Appellant's total RRRI minimum sentence should equal two hundred and four (204) months' imprisonment, not two hundred and twenty-seven (227) months.

Regarding the restitution portion of Appellant's sentence, Section 1106 of the Crimes Code governs orders of restitution, in pertinent part, as follows:

### § 1106. Restitution for injuries to person or property

**(a)  General rule.**—Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

18 Pa.C.S.A § 1106(a). The statute refers to the Crime Victims Act for the definition of "victim" for purposes of Section 1106.[16] **See** 18 Pa.C.S.A. § 1106(h). The Crime Victims Act defines "victim" as:

(1)  A direct victim.

(2)  A parent or legal guardian of a child who is a direct victim, except when the parent or legal guardian of the child is the alleged offender.

---

[16] Section 1106(h) relies on the definition of "victim" set forth in Section 479.1 of the Act of April 9, 1929 (P.L. 177, No. 175), known as the Administrative Code of 1929 (repealed; now codified at 18 Pa.C.S.A. § 11.101 *et seq.*, known as the "Crime Victims Act").

(3)   A minor child who is a material witness to any of the following crimes and offenses under 18 Pa.C.S. (relating to crimes and offenses) committed or attempted against a member of the child's family:

Chapter 25 (relating to criminal homicide).

Section 2702 (relating to aggravated assault).

Section 3121 (relating to rape).

(4)   A family member of a homicide victim including stepbrothers or stepsisters, stepchildren, stepparents or a fiancé, one of whom is to be identified to receive communication as provided for in this act, except where the family member is the alleged offender.

18 Pa.C.S.A. § 11.103.

Importantly, "the Commonwealth…does not qualify as a victim as that term is defined in [Section] 1106." *Commonwealth v. Boyd*, 835 A.2d 812, 819 (Pa.Super. 2003).   Thus, the Commonwealth cannot recover **as restitution** from a defendant "buy money" used in a controlled drug transaction.   *See id.* (holding Commonwealth is not "victim" as defined in Section 1106, so Commonwealth cannot recover as restitution any buy money defendant obtained as result of controlled buy; vacating portion of sentence ordering defendant to pay "restitution" for buy money to Commonwealth).

Nevertheless, "[i]n any case where a defendant is convicted and sentenced to pay the costs of prosecution and trial, the expenses of the district attorney in connection with such prosecution shall be considered a part of the costs of the case and be paid by the defendant."   16 Pa.C.S.A. §

1403. This Court has stated:

> In that the district attorney is the chief law enforcement officer of a county, …when a drug buy is arranged by police officers, these officers are proceeding in accordance with general directives from the district attorney of that county. Consequently, we find that buy money expended by officers in furtherance of their investigation and apprehension of persons suspected of crime are reasonable costs of prosecution within the purview of § 1403, if such funds are not recovered by drug enforcement officers prior to the time of sentencing.

***Commonwealth v. Smith***, 901 A.2d 1030, 1032-33 (Pa.Super. 2006), *appeal denied*, 590 Pa. 667, 912 A.2d 837 (2006). Therefore, buy money used in a controlled drug transaction cannot be recovered under a restitution order, but it can be recovered as a reasonable cost of prosecution. ***Id.***

Here, the court imposed restitution at dockets 4269-2007 ($300.00), 4270-2007 ($3,600.00), and 4272-2007 ($600.00), to recoup the buy money used in the August 1, 2007, August 16, 2007, and September 11, 2007 controlled buys. The court's imposition of restitution to recover the buy money was improper, however, because the Commonwealth does not qualify as a "victim" under Section 1106 and cannot recover buy money through a restitution order. ***See*** 18 Pa.C.S.A. § 11.103; ***Boyd, supra***.

Based on the missing documents in the certified record, the PCRA court's failure to address most of Appellant's issues and improper dismissal of Appellant's January 9, 2014 and January 27, 2014 *pro se* filings (docketed after PCRA counsel had moved to withdraw), the inadequate supplemental Rule 1925(a) opinion, and the existence of at least two meritorious

sentencing issues, the best resolution of this case is to vacate and remand for further proceedings. *See Kenney, supra*. Upon remand, the PCRA court must **(1)** correct Appellant's RRRI calculation; **(2)** re-characterize the restitution provisions of Appellant's sentence concerning the "buy money" as reasonable costs of prosecution;[17] **(3)** appoint new counsel to assist Appellant in filing an amended PCRA petition raising all non-frivolous issues Appellant wants to pursue; if appointed counsel concludes no non-frivolous issues exist, counsel may file a *Turner*/*Finley* "no-merit" letter identifying why Appellant's claims are frivolous and otherwise complying with the dictates of *Turner* and *Finley*; and **(4)** complete the certified record so it contains all relevant documents necessary to dispose of Appellant's claims, including Appellant's September 17, 2013 PCRA petition and PCRA counsel's December 30, 2013 *Turner*/*Finley* "no-merit" letter.[18] Accordingly, we

_____

[17] If the Commonwealth recovered the $3,600.00 used in the September 11, 2007 controlled buy upon execution of the search warrant at Appellant's residence that day, it cannot recover those funds again as costs of prosecution. *See Smith, supra*.

[18] On March 6, 2015, Appellant filed a *pro se* petition for relief in this Court, alleging the court imposed mandatory minimum sentences under 18 Pa.C.S.A. § 7508 (relating to imposition of mandatory minimum sentences based on weight of drugs), which Appellant contends is now unconstitutional. *See Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) (holding any fact increasing mandatory minimum sentence for crime is considered element of crime to be submitted to fact-finder and found beyond reasonable doubt); *Commonwealth v. Newman*, 99 A.3d 86, 98 (Pa.Super. 2014) (*en banc*) (analyzing constitutionality of 18 Pa.C.S.A. § 9712.1 (which contains language similar
*(Footnote Continued Next Page)*

vacate and remand for further proceedings.

Order vacated; case remanded with instructions. Jurisdiction is relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/6/2015

---

*(Footnote Continued)*

to Section 7508) and holding that Section 9712.1 can no longer pass constitutional muster under **Alleyne** as it permits trial court, as opposed to jury, to increase defendant's minimum sentence based upon preponderance of evidence that defendant was dealing drugs and possessed firearm, or that firearm was in close proximity to drugs). Nevertheless, this Court made clear in **Newman** that **Alleyne** is subject to limited retroactivity; in other words, **Alleyne** is applicable only to criminal cases **still pending on direct review**. **Id.** at 90. Here, the court sentenced Appellant on March 4, 2009, and our Supreme Court denied allowance of appeal on September 4, 2012. Appellant's judgment of sentence became final on December 3, 2012, upon expiration of the time to file a petition for writ of *certiorari* with the United States Supreme Court. **See** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. The Supreme Court decided **Alleyne** on June 17, 2013. Thus, Appellant's judgment of sentence was already final before **Alleyne** was decided. Accordingly, Appellant is not entitled to retroactive application of **Alleyne**, and we deny Appellant's *pro se* petition for relief.